UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| HOMESITE INSURANCE COMPANY,<br>a/s/o Margaret Lofrumento, and<br>MARGARET LOFRUMENTO, individually,<br><br>Plaintiffs,<br>v.<br><br>TRIANGLE TUBE/PHASE III CO. INC.,<br><br>Defendant. | Civil Action No.<br>3: 16 - CV - 650  (CSH)<br><br><br><br><br>OCTOBER 31, 2016 |

**ORDER RE: SUBJECT MATTER JURISDICTION**

**I.  BACKGROUND**

Plaintiff Homesite Insurance Company and its insured, Margaret Lofrumento, (collectively "Plaintiffs") bring this action against Triangle Tube/Phase III Co., Inc. ("Triangle Tube"), a corporation engaged in the manufacture and supply of water heaters.  Specifically, Plaintiffs seek damages arising from "a significant water loss" from a tank manufactured by Triangle Tube, which occurred at Lofrumento's property in Brookfield, Connecticut, on November 19, 2014. Doc. 1 ("Complaint"), ¶ 8.  That water loss was allegedly caused "by the failure of the 35 gallon Triangle Tube water tank" due to corrosion after the tank had been "in service for less than three years," which was "within the warranty and useful life period for this water heater." *Id.,* ¶ 9.

Pursuant to the terms and conditions of an insurance contract Homesite had issued to Lofrumento, Homesite made payments to Lofrumento in excess of $132,406.32 for the water damage

1

to the Brookfield property.[1] *Id.*, ¶ 10. In addition to the payments made by Homesite, Lofrumento incurred $79,721.66 in damages and costs to repair her property.

Plaintiffs thereafter filed this action, seeking to recover their damages resulting from the failure of the Triangle Tube water tank under Connecticut's product liability statute, Conn. Gen. Stat. § 52-572m, *et seq.*, asserting that the "water tank was in a defective and unreasonably dangerous condition." Doc. 1, ¶ 14(a). In support of that claim, Plaintiffs allege, *inter alia*, that the tank was designed and manufactured in a condition which subjected Lofrumento to "an unreasonable risk of harm;" and the tank was "not merchantable" or fit for its intended and foreseeable use. *Id.*, ¶¶ 14 (b)-(c).

In the Complaint, Plaintiffs' stated basis for subject matter jurisdiction is diversity of citizenship, 28 U.S.C. § 1332(a). In particular, Plaintiffs allege that this action is "between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000." *See* Doc. 1, ¶ 4. However, as set forth *infra*, Plaintiffs have failed to plead sufficient facts regarding citizenship to establish diversity jurisdiction.

## II.  DISCUSSION

**A.     Subject Matter Jurisdiction**

Pursuant to Article III of the Constitution, a federal court has limited jurisdiction. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541(1986) (citing *Marbury v. Madison*, 1 Cranch (5

---

[1] According to Plaintiff, Homesite issued Policy No. 31345716 to her, "insuring the [Brookfield] Property, which was in effect on November 19, 2014," the date of the tank's water loss. Doc. 1, ¶ 7. Homesite alleges that "pursuant to the contract of insurance and by operation of law," it is "subrogated to the rights of Ms. Lofrumento against all parties responsible for the occurrence of said damages" due to failure of the water tank. *Id.*, ¶ 10.

U.S.) 137, 173-80 (1803)).  In general, it may only exercise subject matter jurisdiction if either: (1) the plaintiff sets forth a colorable claim arising under the Constitution or federal statute, creating "federal question" jurisdiction, 28 U.S.C. § 1331; or (2) there is complete diversity of citizenship between plaintiff and all defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs, 28 U.S.C. § 1332(a)(1).  *Strawbridge v. Curtiss*, 3 Cranch 267, 1806 WL 1213, at *1 (February Term 1806). *See also Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 363 (2d Cir. 2000) (delineating two categories of subject matter jurisdiction).

It is incumbent on a federal court to determine with certainty whether it has subject matter jurisdiction over a case pending before it. If necessary, the court must consider its subject matter jurisdiction *sua sponte*. *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir.2006) ("Although neither party has suggested that we lack appellate jurisdiction, we have an independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*."), *cert. denied*, 549 U.S. 1282 (2007); *see also  Univ. of South Alabama v. American Tobacco* Co., 168 F.3d 405, 410 (11th Cir. 1999) ("a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking"); *Licari v. Nutmeg Ins. Adjusters, Inc.*, No. 3:08mc245(WIG), 2008 WL 3891734, at * 1 (D. Conn. July 31, 2008) ("This Court has a duty to review a plaintiff's complaint at the earliest opportunity to determine whether this Court has subject matter jurisdiction.")  (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 107 (2d Cir. 1997) for its  holding that a district court may raise the issue of subject matter jurisdiction *sua sponte*).

Unlike personal jurisdiction, "subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*." *Lyndonville  Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000).   If subject matter jurisdiction is lacking, the action must be

dismissed. *See* Fed. R. Civ. P. 12(h)(3); *Lyndonville Sav. Bank & Trust Co.*, 211 F.3d at 700-01. *See also, e.g., Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.,* 790 F.3d 411, 416-17 (2d Cir. 2015) ("A district court properly dismisses an action under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction if the court 'lacks the statutory or constitutional power to adjudicate it'") (citing *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir.2000)); *Manway Constr. Co. v. Housing Auth. of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983) ("It is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction; and, if it does not, dismissal is mandatory."); *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.,* 109 F.3d 105, 108 (2d Cir. 1997) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.") (citing Fed. R. Civ. P. 12(h)(3)); *Lovejoy v. Watson*, 475 F. App'x 792, 792 (2d Cir. 2012) ("Where jurisdiction is lacking . . . dismissal is mandatory.") (quoting *United Food & Commercial Workers Union, Local 919, AFL–CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir.1994)).

In the case at bar, given the fact that Plaintiffs have included solely a state law claim in their Complaint, there is no arguable basis upon which the Court may assert "federal question" subject matter jurisdiction over this action, 28 U.S.C. § 1331.[2]  Plaintiffs have, however, alleged that

---

[2]  28 U.S.C. § 1331, captioned "Federal question," provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

diversity of citizenship exists as a jurisdictional basis, 28 U.S.C. § 1332(a).[3]  In order for diversity of citizenship to exist, Plaintiffs' citizenship must be diverse from that of Defendant Triangle Tube. *See, e.g.*, *St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005) ("Diversity is not complete if any plaintiff is a citizen of the same state as any defendant.") (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)).  Moreover, "diversity must exist at the time the action is commenced." *Universal Licensing Corp. v. Lungo*, 293 F.3d 579, 581 (2d Cir. 2002).  *See also* *Wolde–Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 62 (2d Cir.1999) ("Satisfaction of the § 1332(a) diversity requirements (amount in controversy and citizenship) is determined as of the date that suit is filed – the 'time-of-filing' rule.").

**B.     Citizenship of Corporate Parties**

Plaintiff Homesite and Defendant Triangle Tube are both corporations.  Pursuant to 28 U.S.C.§ 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." The Plaintiffs have adequately pled the citizenship of the two corporate parties.  In particular, Plaintiffs have stated that Homesite is "a Connecticut company with its principle [sic] place of business located in Massachusetts;" and defendant Triangle Tube "is a corporation duly organized and existing under the laws of . . . New Jersey with a principal place of business at 1 Triangle Lane, Blackwood[,] New

---

[3]   28 U.S.C. § 1332(a) provides, in relevant part:

The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –

(1) citizens of different States . . . .

Jersey." Doc. 1, ¶¶ 1, 3. Under those circumstances, Homesite is a citizen of Connecticut and Massachusetts and Triangle Tube is a citizen of New Jersey. The two corporate parties are diverse in their citizenship.

### C. Citizenship of the Individual Plaintiff

The remaining Plaintiff, Margaret Lofrumento, is an individual. With respect to an individual's citizenship, it is "well-established that allegations of residency alone cannot establish citizenship." *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 102–03 (2d Cir.1997) (citing *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir.1996)). This is because an individual's citizenship for diversity purposes is determined by his or her *domicile*, not residence. *See Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). *See also John Birch Soc. v. Nat'l Broad. Co.*, 377 F.2d 194, 199 (2d Cir.1967) ("it has long been held that a statement of residence, unlike domicile, tells the court only where the parties are living and not of which state they are citizens").

"In general, the domicile of an individual is his true, fixed and permanent home and place of habitation"—*i.e*, "the place to which, whenever he is absent, he has the intention of returning." *Martinez v. Bynum*, 461 U.S. 321, 331 (1983). *See also Palazzo*, 232 F.3d at 42; 13B C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3612, at 526 (2d ed.1984). Although an individual may have several residences, he or she can have only *one domicile. 4 Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) (for jurisdictional purposes, " '[d]omicile' is not necessarily synonymous with 'residence,' " and "one can reside in one place but be domiciled in another") (citations omitted).

In the case at bar, Plaintiffs have alleged that "[a]t all relevant times, plaintiff Margaret

Lofrumento was and is an individual who *resides* in Brookfield, Fairfield Country, Connecticut." Doc. 1, ¶ 2 (emphasis added). They have thus alleged Lofrumento's residency without establishing her citizenship. The latter may not be inferred from the former. *See Realty Holding Co. v. Donaldson*, 268 U.S. 398, 399 (1925). Accordingly, the citizenship of Lofrumento must be established before this case may proceed. To make a finding on subject matter jurisdiction, the Court must determine whether her citizenship is truly diverse from that of Defendant Triangle Tube.

### III. **CONCLUSION**

In order to determine whether it has subject matter jurisdiction, the Court hereby ORDERS that on or before **November 22, 2016**, Plaintiff Margaret Lofrumento must file an affidavit with the Court indicating her state of citizenship on April 27, 2016, the date Plaintiffs commenced this action. Specifically, she must declare: (1) the state in which she was domiciled and principally established or her "true fixed home" and (2) the names of any other states in which she had a residence. If there are additional states in which she maintained a residence, the affidavit must further provide: (a) the location of all such residences kept and (b) the approximate length of time spent at each residence.

If Lofrumento was not a citizen of New Jersey, the state of Triangle Tube's citizenship, at the commencement of this action, the parties' citizenship is diverse.[4] In that event, the case will proceed. At this time, all case deadlines are hereby stayed pending the Court's review of Lofrumento's affidavit. If the Court has subject matter jurisdiction, it will promptly rule on Triangle

---

[4] The Court notes that for purposes of diversity of citizenship, the jurisdictional amount in controversy is satisfied. As set forth *supra*, Plaintiffs seek damages well in excess of $75,000. Doc. 1, ¶¶ 10-11 (alleging that "Homesite made payments to Ms. Lofrumento in excess of $132,406.32" and "Lofrumento incurred $79,721.66 in damages and costs of repair in addition to amounts paid by Homesite").

Tube's pending motion to implead a third party [Doc. 13].  Alternatively, if there is an absence of subject matter jurisdiction, the Court will dismiss the action without prejudice to Plaintiffs' filing, if so advised, in an appropriate jurisdiction.

It is So ORDERED.

Dated:   New Haven, Connecticut
             October 31, 2016

                                               /s/Charles S. Haight, Jr.
                                              CHARLES S. HAIGHT, JR.
                                              Senior United States District Judge